## SKILLICORN v McCORMACK et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9834.   Decided March 24, 1929

Harry Efros, Cleveland, for Skillicorn.

Fackler & Woods, Cleveland, for McCormack et.

SULLIVAN, J.

It would appear from the case of **Cleveland Produce Company vs. Dennert, 104 Oh St, page 149,** that the statutory requirement is mandatory.

An error requiring a reversal must be prejudicial as against the face of the entire record, and unless it is so, a reviewing court finds authority, in the doctrine so repeatedly laid down, that the ultimate question is whether, under the entire record, substantial justice has been done.   In the instant case it is our judgment, after a consideration and examination of the case upon its merits, as submitted finally to the court below, that the judgment of the lower court is substantiated by the record.

It is our judgment that the application made at the close of plaintiff's case should have been renewed at the close of the case itself, or should have been made any time between the closing of the case and prior to the rendering of the judgment, or at least immediately upon the rendering of judgment.   The cause is here upon a bill of exceptions, and yet, the record is minus any exceptions or any refusal.

However, it is argued, that the neglect of the court is tantamount to a refusal, but we do not hold the same view, for the reason that the application at the end of plaintiff's case was not followed up by a similar application at the close of the entire case.   Counsel for plaintiff in error, in quoting the case of Cleveland Produce Company vs. Dennert, supra, ignores the fact, in the attempt to make that case applicable to the case at bar, that counsel furnished the court fifteen written interrogatories which the court disregarded, and in the instant case nothing of this sort was attempted.

Another element worthy of consideration, of which the court can take judicial knowledge, is the fact that, inasmuch as the judgment sought in the court below was less than One Hundred Dollars, the Municiapl Court was acting as a Justice Court, and while there is a holding that **Section 11470** applies to Municipal Courts, there is an absence of any holding which makes the statute applicable to Justice Courts, and the Municipal Court, by reason of the nature and amount of the case, must be considered as a Magistrate Court, in the sense that it was acting

in the same capacity as the Justice of the Peace.

Another feature of the case at bar is that the request of counsel upon which he relies, was couched in the following language: "If judgment is to be rendered against plaintiff in this case. I will ask the Court to state in writing the facts and the law." We do not think, even if the statute applied to the instant case, that this is a proper request and one in conformity to the statute, because it is conditional and is capable of the interpretation that it was intended as an impetus to the court to find favorable for the plaintiff, and thus its character is out of countenance with the provisions of the statute.

It will be noticed from the statute that the court, on proper request, "shall state in writing the conclusions of fact found separately from the conclusions of law." In other words, the conclusions of fact must be in writing. Now when we turn to the record, we find that as to the conclusions of fact the court said: "I will hold that it is not sufficiently shown that they were Trustees at the time the obligation was incurred. I find that as a matter of fact." There is the fact and the conclusion therefrom which merged in the judgment of the court, and while it is claimed that the opinion of the court embodied in a record is not equivalent to a finding of fact and conclusions of law under the statute, yet when we come to consider the merits of the case, it is an aid in determining the righteousness of the judgment of the court upon the merits of the case, and the lack of prejudice by the claim of denial of a substantial right.

Holding these views, the judgment of the lower court is hereby affirmed.

Vickery, PJ, and Levine, J, concur.